United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ERIC MALLETT,

        Plaintiff,

    v.

DR. SEPULVEDA, *et al.*,

        Defendants.
    _____/

No. C-11-3632 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

James Eric Mallett, an inmate currently housed at the California Correctional Institution in Tehachapi, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Mallett alleges the following in his complaint about acts and omissions that occurred while he was housed at Salinas Valley State Prison: Mallett was seen by Dr. Gamboa on December 3, 2010 for consideration of his "request for an accommodation" chrono for a hinged knee brace. Complaint, p. 3. His request was denied by chief medical officer Dr. Sepulveda on December 7, 2010, who stated there was no medical need for the brace. Mallett's inmate appeal on the issue was denied. Mallett "went to the Dr. to request a knee brace out of his property based on plaintiffs placement in (ad-seg) administrative segregation and both the (CMO) and (CEO) at Salinas Valley denied plaintiffs knee brace in which plaintiff was seen by an orthopedic specialist in 2007 and issued the brace with an ADA chrono." *Id.* (errors in source). Gerald Ellis, the "CEO" at Salinas

Valley, and L. D. Zamora, the "CEO in Sacramento" denied him the requested brace. *Id.* "The CEO of Sacramento acknowledged that an orthotic fabrication for a left knee brace as replacement for plaintiffs old brace was done on April 11, 2011. Plaintiff was denied his original brace based on 'security and the claim of no outcome data' to which the CEO of Sacramento contradicts based on plaintiff was given a hinged brace on 6-9-2011 while still in a security housing unit," thus proving that the original denial hindered his serious medical needs. *Id.* (errors in source).

### III.  DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at §1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A.  <u>The § 1983 Claims</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liberally construed, the complaint states a claim upon which relief may be granted against defendant Dr. Sepulveda and

///
///
///
///

1  Gerald Ellis for deliberate indifference to Mallett's medical needs based on their alleged denial of
2  Mallett's request for a hinged knee brace.[1]

3  The complaint does not adequately allege a deliberate indifference to medical needs claim
4  against defendant Zamora, however, because the complaint indicates that Zamora denied an inmate
5  appeal based on the fact that a new brace had been fabricated and does not allege that Zamora
6  denied the requested knee brace. If Mallett wants to attempt to allege facts showing deliberate
7  indifference to his medical needs by Zamora, he may do so in his amended complaint.

8  Insofar as Mallett is trying to assert a due process claim based on the mere denial of an
9  inmate appeal, the claim must be dismissed. A California prisoner has no federal constitutional right
10 to a properly functioning appeal system; therefore an incorrect decision on an administrative appeal
11 or failure to process the appeal in a particular way does not violate his right to due process.
12 *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Smith v. Noonan*, 992 F.2d 987, 989 (9th
13 Cir. 1993).

14 B.  ADA and RA Claims

15 Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and §
16 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit
17 discrimination on the basis of a disability in the programs, services or activities of a public entity.
18 The term "public entity" encompasses state correctional facilities. *See Pennsylvania Dep't of
19 Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). The "ADA's broad language brings within its
20 scope anything a public entity does," which "includes programs or services provided at jails, prisons,
21 and any other custodial or correctional institution." *Lee v. City of Los Angeles*, 250 F.3d 668, 691
22 (9th Cir. 2001) (internal quotation marks omitted).

23 The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an
24 individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the

---

[1] Plaintiff referred to defendants Ellis and Zamora and chief executive officers and CEOs. That designation is fine if that is the official title of a defendant, but is improper if that is not the official title of the defendant. Among other things, service of process may be hindered if service of process is attempted using a designation that does not match the defendant's title in the prison system.

benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the Rehabilitation Act essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). However, in the prison context, both Title II of the ADA and § 504 of the Rehabilitation Act must be applied with consideration to legitimate penological interests. *See Armstrong*, 942 F. Supp. at 1259 (citing *Gates v. Rowland*, 39 F.3d 1439, 1447 (9th Cir. 1994)); *Bullock v. Gomez*, 929 F. Supp. 1299, 1303 (C.D. Cal. 1996). In other words, "to prevail on a claim that their statutory rights have been violated, inmates must show that the challenged prison policy or regulation is unreasonable." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (citing *Gates*, 39 F.3d at 1447).

Plaintiff cannot bring an action under Title II of the ADA or § 504 of the Rehabilitation Act against individual officers, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. Nor can he bring a § 1983 action against defendants in their individual capacities based on such allegedly discriminatory conduct. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or § 504 of the Rehabilitation Act."). The proper defendant would be the CDCR or the prison as the public entity which allegedly denied plaintiff equal benefits of its services.

Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. *Duvall v.*

1  *County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. *Id.* at 1139.

The complaint does not state a claim upon which relief may be granted for an ADA or RA violation. In addition to not having a proper defendant, plaintiff has not – even with liberal construction of his complaint – pled any of the other elements. He has not pled that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of the prison's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the prison's services, programs or activities, or was otherwise discriminated against by the prison; and (4) such exclusion, denial of benefits, or discrimination was because of his disability. *See Thompson v. Davis*, 295 F.3d at 895. Leave to amend will be granted so that plaintiff may attempt to allege an ADA and RA claim against an appropriate defendant if he wishes to pursue it.

C.     <u>The Pauper Application</u>

Plaintiff failed to file a complete *in forma pauperis* application and instead filed a "notice to clerk why case should proceed without signature of/on *in forma pauperis*." (Docket # 3.) Plaintiff stated in his notice that he was unable to obtain the required certified copy of his inmate trust account statement for the last six months because prison officials would not provide it to him, but provided no details as to the extent of his efforts to obtain the document. Many prisoners declare that it would be futile to try to get the documentation when they have given prison officials too little an opportunity to provide the required materials, and many prisoners eventually obtain the documentation when the Court insists on them providing it. The pauper statute requires the prisoner to provide to the Court a certified copy of his inmate trust account statement, *see* 28 U.S.C. § 1915(a)(2), and plaintiff has not shown that the requirement should be excused here. Plaintiff will be granted an extension of time to obtain and file the required certified copy of his inmate trust account statement. Plaintiff must file the certified copy of his inmate trust account statement no later than **October 28, 2011**, or this action will be dismissed.

5

## IV. CONCLUSION

The complaint states a § 1983 claim upon which relief may be granted against defendants Sepulveda and Ellis for deliberate indifference to plaintiff's serious medical needs. That portion of the action may proceed, but the Court will not have those defendants served with process at this time and instead will wait to give plaintiff an opportunity to file an amended complaint if he so desires and to file the materials needed to complete his *in forma pauperis* application.

The complaint does not state a § 1983 claim against defendant Zamora and does not state a claim against any defendant for an ADA or RA violation. Leave to amend will be granted so that plaintiff may attempt to state such claims if he desires. The amended complaint must be filed no later than **October 28, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")

No later than **October 28, 2011** plaintiff must file the required certified copy of his inmate trust account statement or the action will be dismissed.

Finally, some portions of the complaint are extremely difficult to read due to plaintiff's squished handwriting. Plaintiff must write more legibly in all future filings so the Court can understand what he is describing or requesting. The Court accepts both handwritten and typed complaints from incarcerated persons, but all documents have to be legible.

Dated: September 12, 2011

_____
EDWARD M. CHEN
United States District Judge