IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERIC MALLETT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. SEPULVEDA, et al.,<br><br>Defendants. / | No. C 11-3632 YGR (PR)<br><br>**ORDER REVIEWING SECOND AMENDED COMPLAINT; AND DENYING PLAINTIFF'S PENDING MOTION AS MOOT** |

**INTRODUCTION**

Plaintiff, a former state prisoner,[1] has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs.

He has been granted leave to proceed *in forma pauperis*.

Venue is proper because some of the events giving rise to certain claims are alleged to have occurred at the Salinas Valley State Prison ("SVSP"), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his original complaint, Plaintiff named the following Defendants: SVSP Chief Medical Officer Sepulveda, SVSP Chief Executive Officer G. Ellis and California Correctional Health Care Services[2] Chief Executive Officer L. D. Zamora. Plaintiff is seeking monetary damages.

On September 12, 2011, prior to this case being reassigned to the undersigned judge, the Honorable Edward M. Chen conducted an initial review of Plaintiff's original complaint. The following background is taken from his September 12, 2011 Order:

> Mallett alleges the following in his complaint about acts and omissions that occurred while he was housed at Salinas Valley State Prison: Mallett was seen by Dr. Gamboa on December 3, 2010 for consideration of his "request for an

---

[1] On March 6, 2013, Plaintiff informed the Court that he has been released from Kern Valley State Prison ("KVSP") and provided his new address in Fremont, California.

[2] Plaintiff states that Defendant Zamora is from the "California Prison Health Care Service." (SAC at 3.) However, the correct name for that agency is the "California Correctional Health Care Services."

>   accommodation" chrono for a hinged knee brace.[3]  Complaint, p. 3.  His request
>   was denied by chief medical officer Dr. Sepulveda on December 7, 2010, who
>   stated there was no medical need for the brace.  Mallett's inmate appeal on the issue
>   was denied.  Mallett "went to the Dr. to request a knee brace out of his property
>   based on plaintiffs placement in (ad-seg) administrative segregation and both the
>   (CMO) and (CEO) at Salinas Valley denied plaintiffs knee brace in which plaintiff
>   was seen by an orthopedic specialist in 2007 and issued the brace with an ADA
>   chrono."  *Id.* (errors in source).  Gerald Ellis, the "CEO" at Salinas Valley, and L.
>   D. Zamora, the "CEO in Sacramento" denied him the requested brace.  *Id.*  "The
>   CEO of Sacramento acknowledged that an orthotic fabrication for a left knee brace
>   as replacement for plaintiffs old brace was done on April 11, 2011.  Plaintiff was
>   denied his original brace based on 'security and the claim of no outcome data' to
>   which the CEO of Sacramento contradicts based on plaintiff was given a hinged
>   brace on 6-9-2011 while still in a security housing unit," thus proving that the
>   original denial hindered his serious medical needs.  *Id.* (errors in source).

(Sept. 12, 2011 Order at 1-2 (footnote added).)  The Court found that Plaintiff stated cognizable claims against Defendants Sepulveda and Ellis for "deliberate indifference to [Plaintiff's] medical needs based on their alleged denial of [his] request for a hinged knee brace."  (*Id.* at 2-3.)  The Court will order service of these Defendants, as directed below.

Judge Chen dismissed Plaintiff's deliberate indifference claim against Defendant Zamora, stating:

>   The complaint does not adequately allege a deliberate indifference to medical needs
>   claim against defendant Zamora, however, because the complaint indicates that
>   Zamora denied an inmate appeal based on the fact that a new brace had been
>   fabricated and does not allege that Zamora denied the requested knee brace.  If
>   Mallett wants to attempt to allege facts showing deliberate indifference to his
>   medical needs by Zamora, he may do so in his amended complaint.

(*Id.* at 3.)

Judge Chen also found that the complaint did not state a claim upon which relief may be granted for violations of Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA").  Judge Chen specifically found that Plaintiff could not bring an action under Title II of the ADA or § 504 of the Rehabilitation Act against individual officers, because "the proper defendant in such actions is the public entity responsible for the alleged discrimination."  (*Id.* at 4 (citing *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42

---

[3] Plaintiff claims that needs a hinged knee brace because he suffers from "chronic severe partial or complete tear of his [anterior cruciate ligament or] ACL."  (SAC at 3.)

U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or § 504 of the Rehabilitation Act.")).) Judge Chen concluded that the proper defendant would be the California Department of Corrections and Rehabilitation or the prison as the public entity which allegedly denied Plaintiff equal benefits of its services. Finally, Judge Chen determined that, in addition to not having named a proper defendant, Plaintiff had not -- even with liberal construction of his complaint -- pled any of the other elements," stating:

> He has not pled that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of the prison's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the prison's services, programs or activities, or was otherwise discriminated against by the prison; and (4) such exclusion, denial of benefits, or discrimination was because of his disability. *See Thompson v. Davis*, 295 F.3d at 895. Leave to amend will be granted so that plaintiff may attempt to allege an ADA and RA claim against an appropriate defendant if he wishes to pursue it.

(Sept. 12, 2011 Order at 5.) Judge Chen dismissed the complaint with leave to amend to correct the aforementioned deficiencies.

Thereafter, Plaintiff filed an amended complaint. However, Plaintiff later filed another complaint, which has been labeled as his Second Amended Complaint ("SAC"). The Court now finds that the SAC is the operative complaint in this action and reviews it below.

Also before the Court is Plaintiff's motion entitled, "Motion Requesting Judge Order KVSP to Adhere to Medical Order for Pain Medication" (Docket No. 28). He filed this motion -- which the Court construes as a motion for a temporary restraining order -- while he was still incarcerated at KVSP. The Court notes that since Plaintiff filed the aforementioned motion, he has informed the Court that he has been released from custody. Therefore, his release makes much of his requested relief moot.

Accordingly, Plaintiff's motion for a temporary restraining order (Docket No. 28) is DENIED as moot.[4]

---

[4] Should Plaintiff seek to allege that some or all of his deliberate indifference claims from his original, amended, or second amended complaints extend to the conditions of his confinement at KVSP, those claims must be brought in a separate lawsuit in the United States District Court for the Eastern District of California, the proper venue for claims arising in Kern County, where KVSP is located. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 84(b).

3

## DISCUSSION

### I.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### II.     Legal Claims

In his SAC, Plaintiff again names Defendants Sepulveda, Ellis and Zamora; however, he also adds the following Defendants: California Correctional Institution ("CCI") Sergeant Sigston and an "unknown [CCI] medical personnel." (SAC at 2-3.)

####     A.     Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and

disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he suffers from a torn ACL supports an inference that he has serious medical needs. (SAC at 3.) As previously determined by Judge Chen, liberally construed, Plaintiff's allegations that SVSP prison medical staff failed to provide adequate medical treatment for his condition -- by specifically denying his request for a hinged knee brace while he was housed there in 2010 through 2011 -- state a cognizable deliberate indifference claim against Defendants Sepulvada and Ellis. Accordingly, this claim may proceed against these Defendants.

In his SAC, Plaintiff claims that on March 11, 2011, he was transferred from SVSP to the California Correctional Institution ("CCI") in Tehachapi, California. (SAC at 3a.)[5] Plaintiff claims that prison officials at CCI, specifically Defendant Sigston and an "unknown [CCI] medical personnel" (construed to be a Doe Defendant) also acted with deliberate indifference by "destroying" his hinged knee brace and causing further injury on April 19, 2011. (*Id.*) Even if the medical treatment Plaintiff was receiving at CCI was a continuation of his treatment at SVSP, Plaintiff may not seek to add such new claims against new Defendants because the alleged violations he experienced took place at CCI, which is not located in this district. *See* 28 U.S.C. § 1391(b). Thus, Plaintiff's claims against Defendant Sigston and the Doe Defendant are DISMISSED WITHOUT PREJUDICE to bringing such claims in a separate lawsuit in the United States District Court for the Eastern District of California, the proper venue for claims arising in Kern County, where CCI is located. *See id.*

In his SAC, Plaintiff has failed to correct the deficiencies as to his claims against Defendant Zamora's actions related to the alleged deliberate indifference at SVSP. Instead, Plaintiff merely states that Defendant Zamora denied his appeal and "start[ed] an investigation into Plaintiff's medical condition and needs" on February 23, 2011, two weeks before he was transferred to CCI. (*Id.* at 3b.) Plaintiff further alleges that Defendant Zamora was still conducting his "investigation" when Plaintiff suffered the injury at CCI on April 19, 2011. (*Id.*) Therefore, Plaintiff claims that

---

[5] Plaintiff has attached two handwritten pages to page three of his SAC; therefore, the Court has numbered these pages as 3a and 3b.

Defendant Zamora "should have advised CCI Tehachapi of the said 'investigation' and to comply with CDCRS [sic] Rule 3358(a)(b) . . . [i]nstead [Defendant Zamora] did nothing to prevent the cruel and unusual punishment Plaintiff suffered from the deliberate indifference caused by [Defendants]." (*Id.*) Again, Plaintiff may not seek to add such new claims against Defendant Zamora relating to his injury at CCI because the alleged violations he experienced took place at CCI, which is not located in this district. *See* 28 U.S.C. § 1391(b). Thus, Plaintiff must bring such claims in a separate lawsuit in the proper venue. Meanwhile, Plaintiff's claims against Defendant Zamora -- based on the mere denial of the appeal stemming from the alleged deliberate indifference at SVSP -- are DISMISSED without further leave to amend. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (A California prisoner has no federal constitutional right to a properly functioning appeal system; therefore an incorrect decision on an administrative appeal or failure to process the appeal in a particular way does not violate his right to due process.); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).

**B.     ADA and RA claims**

In his SAC, Plaintiff failed to amend his ADA and RA claims to correct the aforementioned deficiencies; therefore, these claims are DISMISSED without further leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's SAC states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Sepulveda and Ellis.

2.     Plaintiff's claims against Defendant Sigston and the "unknown [CCI] medical personnel" the Doe Defendant are DISMISSED WITHOUT PREJUDICE to bringing such claims in a separate lawsuit in the United States District Court for the Eastern District of California, the proper venue for claims arising in Kern County, where CCI is located.

3.     Plaintiff's claims against Defendant Zamora -- relating to the denial of the appeal stemming from the alleged deliberate indifference at SVSP -- are DISMISSED without further leave to amend. However, Plaintiff's claims against Defendant Zamora relating to Plaintiff's injury at CCI are DISMISSED WITHOUT PREJUDICE bring such claims in a separate lawsuit in the proper

venue -- the United States District Court for the Eastern District of California.

4. Plaintiff's ADA and RA claims are DISMISSED without further leave to amend.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (Docket No. 20) and a copy of this Order to: **SVSP Chief Medical Officer Sepulveda and SVSP Chief Executive Officer G. Ellis**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the

events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[6] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

---

[6] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11.   Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

12.   Plaintiff's motion entitled, "Motion Requesting Judge Order KVSP to Adhere to Medical Order for Pain Medication" (Docket No. 28), which has been construed as a motion for a temporary restraining order, is DENIED as moot.

13.   This Order terminates Docket No. 28.

IT IS SO ORDERED.

DATED:   March 22, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**