United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERIC MALLETT,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. SEPULVEDA, et al.,<br><br>          Defendants.<br>_____/ | No. C 11-03632 YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Docket no. 40 |

## INTRODUCTION

Plaintiff James Eric Mallett, a former California prisoner proceeding *pro se*, filed the instant civil rights action under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights when he was incarcerated at Salinas Valley State Prison ("SVSP"). In an Order Screening Plaintiff's Second Amended Complaint ("SAC"), the Court found that Plaintiff had stated cognizable Eighth Amendment claims for deliberate indifference to serious medical needs against Defendants Dr. Michael Sepulveda, Chief Medical Executive ("CME") at SVSP during the time at issue, and Gerald Ellis, SVSP Chief Executive Officer, Health Care Services ("CEO, HCS"), during the time at issue.

Now before the Court is Defendants' motion for summary judgment. Although Plaintiff received the notice from *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), informing him of the necessity to oppose Defendants' motion for summary judgment, *(see*

docket no. 41), Plaintiff has not filed an opposition. For the reasons discussed below, Defendants' motion for summary judgment is GRANTED.

## BACKGROUND

The following undisputed facts are from Plaintiff's SAC, which is signed under penalty of perjury.

Plaintiff suffers from a torn anterior cruciate ligament ("ACL") in his knee. On December 3, 2010, Plaintiff was seen by SVSP Primary Care Provider ("PCP") Dr. Gamboa, who submitted a request for a hinged knee brace for Plaintiff. On December 7, 2010, Dr. Sepulveda denied Dr. Gamboa's request. Plaintiff filed an administrative appeal challenging Dr. Sepulveda's denial of the knee brace. On February 11, 2011, Mr. Ellis denied Plaintiff's appeal.

The following undisputed facts are from Defendants' declarations. As the CME at SVSP, Dr. Sepulveda's responsibilities included overseeing the quality of the diagnosis and treatment of patients, responding to certain administrative inmate appeals concerning medical treatment and determining the medical necessity of any request that was submitted by a PCP on behalf of an inmate patient. Sepulveda Dec. ¶ 3. Dr. Sepulveda's only involvement in Plaintiff's medical care, as it pertains to the allegations in this lawsuit, was his denial, on December 7, 2010, of Dr. Gamboa's request for a hinged knee brace. *Id.* ¶ 7. Dr. Sepulveda states that a review of Plaintiff's medical record showed that Plaintiff could exercise vigorously and could walk with no limitation. *Id.* ¶ 9. In light of Dr. Sepulveda's responsibility to ensure the medical necessity of requested devices, he denied the request for a hinged knee brace because, in his medical opinion, there was no evidence that it would improve Plaintiff's activities of daily living ("ADL") and, therefore, it was not medically warranted. *Id.* ¶¶ 8-10.

Mr. Ellis' only involvement in Plaintiff's claim was to review Plaintiff's appeal of Dr. Sepulveda's denial of a hinged knee brace. Ellis Dec. ¶ 4. Mr. Ellis states that his role as reviewer was strictly administrative in that the scope of his review was only to ensure that the appeal process was properly followed. *Id.* ¶ 4. Mr. Ellis states that he is not a medical

2

doctor and he was not involved in the medical decision to deny the request for a hinged knee brace. *Id.* ¶¶ 4, 5.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

**II.     Claim of Deliberate Indifference to Serious Medical Needs**

   **A.     Legal Authority**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (*overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U. S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060.

Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. *Id.* at 1062. But neither a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment nor a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment

4

over another is sufficient to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the treatment the defendant chose was medically unacceptable under the circumstances and that he chose the treatment in conscious disregard of an excessive risk to the plaintiff's health. *Toguchi*, 391 F.3d at 1058.

### B. Analysis

Plaintiff has not submitted evidence showing a genuine dispute of any material fact. Plaintiff merely conclusively asserts in his SAC that Dr. Sepulveda's denial of Dr. Gamboa's request of a knee brace and Mr. Ellis' denial of Plaintiff's appeal of Dr. Sepulveda's decision show that they were deliberately indifferent to his serious medical needs.

The undisputed evidence shows that Dr. Sepulveda reviewed Plaintiff's medical records and, based upon those records and Plaintiff's symptoms, he used his best clinical judgment to determine that a hinged knee brace would not improve Plaintiff's ACL. Therefore, Dr. Sepulveda's denial of the hinged knee brace constitutes nothing more than a difference of opinion with Dr. Gamboa regarding whether Plaintiff would benefit from a knee brace. As discussed above, a difference of medical opinion is insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058. Furthermore, Plaintiff fails to show that Dr. Sepulveda's decision was medically unacceptable under the circumstances and that he chose the treatment in conscious disregard of an excessive risk to Plaintiff's health. *See id.* To the contrary, the fact that Dr. Sepulveda considered Plaintiff's medical records, his symptoms and medical condition in arriving at his decision, shows that he was not deliberately indifferent to Plaintiff's serious medical needs.

In regard to Mr. Ellis, the undisputed evidence shows that he reviewed Plaintiff's appeal of Dr. Sepulveda's decision to determine whether the appeal process had been properly followed. Because Mr. Ellis had nothing to do with the medical decision denying Plaintiff a hinged knee brace, he cannot have been deliberately indifferent to Plaintiff's medical needs. *See Farmer,* 511 U.S. at 837 (deliberate indifference requires defendant to be

aware of facts that a prisoner faces substantial risk of serious harm from medical condition and disregards that risk by failing to take steps to abate it). Furthermore, because there is no federal constitutional right to a properly functioning appeal system, Mr. Ellis' denial of an appeal cannot give rise to a constitutional violation. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (California inmates have no federal constitutional right to properly functioning appeal system, therefore, an incorrect decision on an administrative appeal or failure to process the appeal in a particular way does not violate an inmate's due process rights); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993) ("procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest").

Because Plaintiff has failed to raise a triable issue of material fact on his claim that Defendants were deliberately indifferent to his serious medical needs, the motion for summary judgment is GRANTED in favor of Defendants.

## CONCLUSION

Accordingly, Defendants' motion for summary judgment (Docket No. 40) is GRANTED. The Clerk shall enter judgment in favor of Defendants, terminate Docket No. 40, and close the file.

**IT IS SO ORDERED**.

DATED: November 26, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Mallett11-3632.GrantSJ.rmh.wpd

6